Honorable Marc Barreca
Chapter 13
Hearing Date: March 24, 2011
Hearing Time: 9:30 a.m.
Hearing Place: Courtroom 7106
Response Date: March 17, 2011

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

ROBERT S. BLENDHEIM and
DARLENE G. BLENDHEIM,

Debtors.

ROBERT S. BLENDHEIM and
DARLENE G. BLENDHEIM,

Plaintiffs,

vs.

THE NOTE HOLDER, AND LITTON LOAN
SERVICING, LP, AGENT FOR HSBC BANK
("HSBC"), THE INDENTURE TRUSTEE OF
THE ORIGINAL LENDER - FIELDSTONE
MORTGAGE INVESTMENT TRUST
("FIELDSTONE").

Defendant.

Case No. 09-10283-MLB

Adversary No. 10-01203-MLB

PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT FOR LIEN AVOIDANCE
PURSUANT TO 11 U.S.C. § 506(d)



720 Olive Street, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Debtors Robert S. Blendheim and Darlene G. Blendheim ("Debtors"), by and through counsel, Taryn M. Darling Hill, Jamie J. McFarlane, and Resolve Legal PLLC, move this court for summary judgment regarding the claim asserted in this adversary case that the Defendant's lien should be avoided pursuant to 11 U.S.C. § 506(d). There are no genuine issues of material fact based on the Court's record for the avoidance of the Defendant's lien and the moving party is entitled to a judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056, citing Fed. R. Civ. P. 56.

Once the Plaintiffs establish the absence of genuine factual issues and their entitlement to judgment as a matter of law with respect to the elements of the lien avoidance claim, it is incumbent on the Defendant to "'set forth specific facts showing that there is a genuine issue for trial,' by evidence cognizable under [Fed. R. Civ. P. 56(e)]." See UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Industry of U.S. and Canada, AFL-CIO v. Nor-Cal Plumbing, Inc, 48 F.3d 1465, 1471 (9th Cir. 1994), cert. denied, 516 U.S. 912 (1995).

## FACTS FROM THE COURT RECORD

1.      The plaintiffs are Robert and Darlene Blendheim, debtors in a Chapter 13 case pending in the Western District of Washington.



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

2.      Litton Loan Servicing, LP ("Litton") filed a proof of claim ("Claim" or "Defendant's Claim" or "Litton's Claim") on January 27, 2009, in the amount of $419,498.75, acting as the Defendant's authorized agent.  Claims Register – Claim #1-1.

3.      Litton's Claim requested that they receive notices at Litton Loan Servicing, LP, P.O. Box 829009, Dallas, Texas 75382-9009.  Id.

4.      On October 9, 2009, the Debtors contested Litton's Claim by filing an objection to the Claim, asserting a forgery of a promissory note and lack of standing.  Docket Entry of Case No. 09-10283 ("Docket Entry") #44 .

5.      The Debtors served their objection to the Claim via certified mail and U.S. mail at the address requested in the Claim.  Docket Entry #46.

6.      On October 27, 2009, well before a response to the Debtors' objection to the Defendant's proof of claim was due, counsel for the Defendant appeared.  See Docket Entry #53.  The Defendant filed a motion for adequate protection disbursements, but failed to address any of the deficiencies raised in the Debtors' objection to the Claim, including the forgery of the promissory note.  Id.

7.      On November 9, 2009, Debtors filed a Declaration of No Objections to the Debtors' objection to the Claim ("Declaration of No Objections").  See Docket Entry #70.

8.      On November 9, 2009, Defendant received electronic notice of the Declaration of No Objections.  See Docket Entry #70, Court's Notice of Electronic Filing.

℞ RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

9.     Furthermore, Defendant admits that the Debtors caused Defendant to be served with the Declaration of No Objections.  See Defendant's Answer to Complaint.

10.    Chief Judge Karen Overstreet received an unsigned order disallowing the Claim on November 9, 2009.  See Docket Entry #73.

11.    Defendant received notice of the unsigned order presented to Chief Judge Overstreet.  See Docket Entry #73, Court's Notice of Electronic Filing.

12.    On November 18, 2009, more than one year and three months ago and nine days after receiving the unsigned order, Chief Judge Karen Overstreet ordered the Defendant's Claim disallowed in its entirety.  Docket Entry #74.

13.    Defendant received notice that the Claim was disallowed in its entirety.  Docket Entry #74, Court's Notice of Electronic Filing.

14.    In addition to the electronic notice received, on November 20, 2009, Defendant received notice, via U.S. mail and certified mail, that the Claim was disallowed in its entirety at the address requested to receive notice in the Claim.  Docket Entry #76.

15.    On December 9, 2009, the Debtors responded to Defendant's motion for adequate protection disbursements.  Docket Entry #77.  The Debtors' response notified the Defendant that the Claim had been disallowed in its entirety.  See Id.

16.    On December 15, 2009, Defendant withdrew the motion for adequate protection assurance.  See Docket, December 15, 2009.

ℬℛ   R E S O L V E   L E G A L PLLC
              A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

17.     On April 8, 2010, the Debtors filed a complaint asserting that the Defendant's lien is void pursuant to 11 U.S.C. § 506(d) because the Defendant's Claim is disallowed and the Defendant does not have an allowed secured claim.  See Complaint, Docket Entry of Adversary Case No. 10-01203-MLB #1.

18.     On May 10, 2010, the Defendant admits the Claim is disallowed in its entirety by court order.  See Defendant's Answer to Complaint, Docket Entry of Adversary Case No. 10-01203-MLB #6.

## AUTHORITY

11 U.S.C. § 506(d) states "[t]o the extent that a lien secures a claim against the debtor that is not an <u>allowed</u> secured claim, such lien is void, unless…." (Emphasis added; exceptions (1) and (2) of 11 U.S.C. § 506(d) do not apply).

11 U.S.C. § 502(a) states "[a] claim or interest, proof of which is filed under section 501 of this title is deemed <u>allowed</u>, unless a party in interest…. objects." (Emphasis added).

11 U.S.C. § 502(b) states "if such objection to a claim is made, the court, after notice and hearing, shall determine the amount of such claim in lawful currency…."

In order for an allowed secured claim to exist, the claim must first be allowed. See 11 U.S.C. § 506(a)(1) and (d)(2).

Following the Debtors' objection to the Claim, the Court disallowed the Defendant's Claim in its entirety.  Docket Entry #74.

ℛℬ RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Because the Defendant does not have an allowed secured claim, the lien of Defendant on the Debtors' property is void pursuant to section 506(d).

**SUMMARY**

There are no genuine issues of material fact as to whether the lien of the Defendant is void pursuant to 11 U.S.C. § 506(d). The Defendant's Claim is disallowed in its entirety. The Defendant received ample notice, had an opportunity to be heard, and chose not to participate in the contest to its Claim based upon the assertions of fraud and lack of standing. The facts supporting this motion for summary judgment are limited to the Court's record. Because there are no genuine issues of material fact as to whether the lien is subject to avoidance under § 506(d), summary judgment is appropriate and the moving party is entitled to judgment as a matter of law.

DATED this 24th day of February 2011.

RESOLVE LEGAL PLLC


By_____/s/ Jamie McFarlane_____
             Taryn M. Darling Hill, WSBA #38276
             Jamie J. McFarlane, WSBA #41320
             Attorneys for Debtors/Plaintiffs

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com