Mark Moburg, WSBA #19463
ROUTH CRABTREE OLSEN, P.S.
3535 Factoria Blvd. SE, Suite 200
Bellevue, WA 98006
Telephone: 425-458-2129
Facsimile: 425-283-0929

Attorneys for Defendant Litton Loan Servicing LP

The Honorable Marc A. Barreca
Chapter 13
Location: Seattle

# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ROBERT S. BLENDHEIM and<br>DARLENE G. BLENDHEIM,<br><br>　　　　　　Debtors.<br><br>―――――――――――――――<br><br>ROBERT S. BLENDHEIM and<br>DARLENE G. BLENDHEIM,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>LITTON LOAN SERVICING LP, Agent for HSBC Bank (HSBC), the indenture trustee of the original lender Fieldstone Mortgage Investment Trust (Fieldstone).<br><br>　　　　　　Defendant. | Chapter 13<br>Case No. 09-10283-MLB<br><br><br><br><br><br><br><br>Adv. No. 10-01203-MLB<br><br>**RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |

## I. RESPONSE TO MOTION

Defendant Litton Loan Servicing, LP, agent for HSBC Bank, the indenture trustee of the original lender Fieldstone Mortgage Investment Trust ("Creditor" or "Defendant") responds as follows to the motion for summary judgment filed by Robert S. Blendheim and

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
PAGE 1 OF 9

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Case 10-01203-MLB    Doc 18    Filed 03/17/11    Entered 03/17/11 16:27:12    Page 1 of 9

Darlene G. Blendheim ("Debtors" or "Plaintiffs"). Defendant submits this Memorandum, the Statement of Issues and Controverted Facts and the Declaration of Christopher Spradling in support of its response to the Motion for Summary Judgment.

## MEMORANDUM IN SUPPORT OF RESPONSE TO MOTION

### I. INTRODUCTION AND RELIEF REQUESTED

The underlying adversary proceeding raises several factual challenges to the validity of the loan documents under which the Plaintiffs obtained money to purchase a condominium. The Plaintiffs accepted the money and obtained the benefit; they now challenge the validity of the lien securing the loan that enabled them to purchase the condominium in which they reside. The present motion for summary judgment attempts to bootstrap the court's earlier order sustaining an objection to proof of claim based on a technical point into a judgment avoiding the lien without a trial on the merits of the Plaintiffs' assertions that the Promissory Note on which Defendant's claim is based is unenforceable.

### II. STATEMENT OF ISSUES AND FACTS

A separate Statement of Issues and Statement of Facts is submitted herewith pursuant to Bankr. Local Rule 7056-1(2).

### III. EVIDENCED RELIED ON

This Response is based upon:

1. Pleadings and documents filed with the Court.
2. Declaration of Christopher Spradling.

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

3. This Response and the memorandum of law in support hereof, and the Statement of Issues and Controverted Facts submitted herewith.

## IV. LEGAL ARGUMENT

### A. SUMMARY JUDGMENT STANDARD UNDER F.R.C.P. 56.

Summary judgment is only appropriate when the record shows that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *U.S. v. Carter*, 906 F.2d 1375, 1376 (9th Cir.1990). "A material fact is one upon which the outcome of the litigation depends." *Williams v. Allstate Ins. Co.* L 148678, 1 -2 (W.D. Wash. 2010). When a properly supported motion for summary judgment is made, the burden then shifts and the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250.

Summary judgment is not appropriate where there are disputed facts. Here, disputed facts remain as to the issues of the authenticity of the signatures on the loan documents, the alleged violations of various statutory provisions by the original lender and/or the mortgage broker and real estate broker. Among these facts are whether the Plaintiffs' signatures on the loan documents are genuine, and whether Defendant had sufficient notice to call into question the authenticity of the loan documents to prevent Defendant from asserting its status as a holder in due course under UCC 3-302(a). "The non-movant need not match the movant witness for witness, nor persuade the court that [its] case is convincing, [it] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
PAGE 3 OF 9

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Case 10-01203-MLB    Doc 18    Filed 03/17/11    Entered 03/17/11 16:27:12    Page 3 of 9

fact." *Waldridge v. American Hoechst Corp.* 24 F.3rd 918, 921 (7th Cir. 1994), *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 651 (7th Cir. 2006). The evidence submitted by the party opposing summary judgment may consist of declarations, admissions, evidence obtained through discovery and matters judicially noticed. *See Celotex* 477 U.S. at 324. As noted, the question of the authenticity of the Plaintiffs' signatures on the loan documents remains at issue. This fact is a material fact upon which the outcome of the litigation depends, which precludes summary judgment. *Williams, supra.* The Signature Affidavit executed on December 8, 2005 by Plaintiffs in connection with the execution of the underlying loan documents acknowledges the legal name of Plaintiff Robert Blendheim as Robert S. Blendheim, Jr. and provides specimen signatures. *See* Exhibit C to the Declaration of Christopher Spradling filed in support of this Response (a copy of which exhibit is attached to this Response). *See* Spradling Declaration, para. 6. Whether Plaintiff's signature on the loan documents is forged or not is a material fact that precludes summary judgment.

## B. ADVERSARY PROCEEDING REQUIRED DETERMINE THE VALIDITY OF LIENS

Any action to determine the "nature, extent or *validity* of a lien must be brought by commencing an adversary proceeding. *See Fed. R. Bankr. P.* 7001(2) (emphasis added). Here, Plaintiffs *could not* have sought invalidation of the lien as part of their objection to claim. Accordingly, they should not now be permitted to avoid the lien based on the order sustaining the objection. The claim objection under 11 U.S.C. § 502 was filed as a motion under *Fed. R. Bankr. P. 3007.* Under Rule 3007(b), "A party in interest *shall not* include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

claim, but may include the objection in an adversary proceeding." As noted, determination of the validity of a lien requires an adversary proceeding under Rule 7001(2). Using a claim disallowed pursuant to a § 502 motion to bootstrap into a summary judgment avoiding a lien would circumvent the Rule 3007(b) prohibition against bringing a demand for relief of a kind requiring an adversary proceeding by motion. Courts have made it clear that "Initiation of an adversary proceeding is a prerequisite to challenging 'the validity or existence' of a lien against property of the estate in a Chapter 13 proceeding" *See Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995) (citing *In re Beard*, 112 B.R. 951, 956 (Bankr.N.D.Ind.1990).

Similarly, a sale free and clear of liens, made by motion under 11 U.S.C. § 363(f), does not establish the validity of a claimed lien. That requires an adversary proceeding under Bankruptcy Rule 7001. *See In re K-Fabricators, Inc.*, 135 B.R. 654, 658 (Bankr. W.D. Wash. 1992). *See also Bargas v. Rice (In re Rice)*, 82 B.R. 623, 626 (Bankr. S.D. Ga. 1987) (when presented in context of motion for relief from stay with evidence suggesting that lien may be void, court cannot properly consider such allegations outside the context of an adversary proceeding).

The Objection to Claim was not procedurally sufficient to support avoiding the lien under 11 U.S.C. § 506(d) in the absence of an adversary proceeding. The issues raised in the Objection to Claim (other than the lack of compliance with Fed. R. Bankr. P. 3001 requiring a copy of the underlying obligation) required commencement of an adversary proceeding such as the present one. Defendant will shortly be filing an Amended Proof of Claim that will attach a copy of the indorsed Note, in compliance with Fed. R. Bankr. P. 3001, to cure the infirmity that led to the Court entering the Order disallowing the Defendant's Proof of Claim, on which the Motion for Summary Judgment is based.


ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

## C. THE LIEN SECURING A DISALLOWED SECURED CLAIM PASSES THROUGH THE BANKRUPTCY UNLESS THE LIEN ITSELF IS DETERMINED TO BE INVALID IN AN ADVERSARY PROCEEDING

Liens on property securing debts pass through bankruptcy unaffected. *See Dewsnup v. Timm*, 502 U.S. 410 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992) ("[w]e are not convinced that Congress intended to depart from the pre-Code rule that liens pass through bankruptcy unaffected."). *See In re Brawders*, 503 F.3d 856, 867-68 (9th Cir. 2007) (liens ordinarily pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case, or files an unsecured claim when it meant to file a secured claim, or files an untimely claim after the bar date has passed); *Bisch v. United States (In re Bisch)*, 159 B.R. 546, 550 (9th Cir.BAP1993) ("there is no duty on the part of the secured party to object to the confirmation of the [Chapter 13] plan, and failure to do so does not somehow constitute a waiver of the party's secured claim"); *Work v. County of Douglas (In re Work)*, 58 B.R. 868, 869 (Bankr.D.Or.1986); *Enewally v. Wash. Mutual Bank (In re Enewally)*, 368 F.3d 1165, 1168-72 and n. 2 (noting implications of "Fifth Amendment's prohibition against taking private property without compensation"). As another court stated, "[i]t is well established that the holder of a secured claim need not file a proof of claim at all, but instead may elect to have its lien pass through a bankruptcy case unaffected." *Ruxton v. City of Philadelphia*, 246 B.R. 508, 511-12 (E.D. Pa. 2000) (District Court affirming and quoting bankruptcy court in *Ruxton v. City of Philadelphia*, 240 B.R. 211, 214 (Bankr.E.D.Pa.1999)). See also *Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186, 188 (3d Cir.1987) (stating that there is a long line of bankruptcy cases which hold that although an underlying debt is discharged in bankruptcy, the lien created before bankruptcy against property to secure that debt survives);

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Here, the disallowance of the proof of claim does not avoid the lien. The lien against the Plaintiffs' property passes through the bankruptcy and remains a charge against the property. The mere fact that the proof of claim was disallowed on a technicality (particularly where the merits of the claim were not determined by the Court) cannot be used as a basis to avoid the lien by another motion.

## V. CONCLUSION

There are significant issues of material fact in dispute in this case, which precludes the granting of summary judgment as requested by Plaintiff. The documentation provided by Defendant clearly shows that Plaintiff Robert Blendheim has acknowledged that Robert S. Blendheim, Jr. is his legal name and has attested to his signature in that name. Yet Plaintiffs claim his signature is forged. Further testimony at trial is required.

An adversary proceeding is required to determine the validity of a lien. Here, such a proceeding has been commenced, and issue has been joined. To circumvent the trial of the merits of the adversary proceeding by a motion under Section 506, which itself is based on an earlier motion granted without objection would be counter to the requirement of Fed. R. Bankr. P. 7001 that proceedings to determine the validity of a lien be determined on the merits in an adversary proceeding. Controverted facts have been raised, which prevent determination on summary judgment, particularly where the summary judgment is based on an earlier ruling on a motion that did not, and under the Bankruptcy Rules, could not, raise issues required to be raised in an adversary proceeding.

/ / /

/ / /

/ / /

ROUTH CRABTREE OLSEN, P.S.
A Law Firm and Professional Services Corporation
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Accordingly, Defendant respectfully requests that the Court deny the Motion for Summary Judgment and proceed with the trial on the merits of Plaintiffs' claims.

DATED this 17th day of March, 2010.

ROUTH CRABTREE OLSEN, P.S.

/s/ Mark Moburg
Mark Moburg, WSBA #1946
Attorneys for Defendant Litton Loan Servicing LP


RESPONSE TO MOTION FOR SUMMARY JUDGMENT
PAGE 8 OF 9

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131


Case 10-01203-MLB    Doc 18    Filed 03/17/11    Entered 03/17/11 16:27:12    Page 8 of 9

## Certificate of Service

I certify under penalty of perjury under the laws of the State of Washington that I mailed a true and correct copy of the **Response to Motion for Summary Judgment** postage pre-paid, regular first class mail on the 18TH day of March, 2011, to the following parties:

**Attorneys for Plaintiff**
Taryn M. Darling Hill
Resolve Legal PLLC
720 Olive Way, Suite 1000
Seattle, WA 98101

DATED this 18TH day of March, 2011.

/s/ 

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
PAGE 9 OF 9

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
13555 SE 136th Street, Suite 300
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Case 10-01203-MLB    Doc 18    Filed 03/17/11    Entered 03/17/11 16:27:12    Page 9 of 9