Honorable Marc Barreca
Chapter 13
Hearing Date: March 24, 2011
Hearing Time: 9:30 a.m.
Hearing Place: Courtroom 7106
Response Date: March 17, 2011

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>ROBERT S. BLENDHEIM and<br>DARLENE G. BLENDHEIM,<br><br>                Debtors. | Case No. 09-10283-MLB |
| ROBERT S. BLENDHEIM and<br>DARLENE G. BLENDHEIM,<br><br>                Plaintiffs,<br><br>vs.<br><br>THE NOTE HOLDER, AND LITTON LOAN SERVICING, LP, AGENT FOR HSBC BANK ("HSBC"), THE INDENTURE TRUSTEE OF THE ORIGINAL LENDER - FIELDSTONE MORTGAGE INVESTMENT TRUST ("FIELDSTONE").<br><br>                Defendant. | Adversary No. 10-01203-MLB<br><br>PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT FOR LIEN AVOIDANCE PURSUANT TO 11 U.S.C. § 506(d) AND MOTION TO STRIKE UNRESPONSIVE MATERIAL |

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT FOR LIEN AVOIDANCE PURSUANT TO 11 U.S.C. § 506(d) - 1

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY
720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Case 10-01203-MLB    Doc 21    Filed 03/21/11    Entered 03/21/11 18:57:12    Page 1 of 6

# A.     REPLY

Debtors Robert Blendheim and Darlene G. Blendheim ("Debtors"), by and through counsel, Taryn M. Darling Hill, Jamie J. McFarlane, and Resolve Legal PLLC, make the following reply to Defendant's Response:

The issue before the Court is whether a lien may be avoided pursuant to 11 U.S.C § 506(d) and/ or 11 U.S.C. § 1322(b)(2) in a Chapter 13 adversary proceeding if the proof of claim filed by the lien holder has been disallowed in its entirety by court order, leaving the lien holder without an allowed secured claim.

The Court entered an order disallowing the Defendant's proof of claim in its entirety on November 18, 2009.  The Defendant had the opportunity to respond to the Debtors' contest of the Defendant's filed proof of claim and chose not to.  The Defendant received ample notice of the contest to its proof of claim, including, but not limited to, certified and regular mail to the address in the proof of claim; notice to the address the Servicer directed Debtors to, through a TILA request; and notice to Defendant's counsel who appeared shortly after the objection to the Defendant's proof of claim.  The Defendant had adequate time to file a response to the Debtors' contest.  Due to the Defendant's choice not to defend its proof of claim, the Court ordered the Defendant's claim disallowed in its entirety.

The Defendant availed itself of the Court's jurisdiction and chose to file a proof of claim.  As the Defendant's response points out, if the Defendant did not file a proof of claim, its lien could have passed through the bankruptcy unaffected under 11 U.S.C.

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR
SUMMARY JUDGMENT FOR LIEN AVOIDANCE PURSUANT TO 11
U.S.C. § 506(d) - 2

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY
720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Case 10-01203-MLB    Doc 21    Filed 03/21/11    Entered 03/21/11 18:57:12    Page 2 of 6

§ 506(d)(2). However, those are not the facts at hand. In the subject case, the Defendant filed a proof of claim. It filed the first proof of claim on January 27, 2009, and an amended proof of claim on January 28, 2009. As the Defendant points out in its response, its counsel also submitted a motion for adequate protection. Then, after ample notice of the objection, the Defendant knowingly chose not to defend its claim. As a result of Defendant's failure to remedy issues raised in the Blendheim's objection, the Defendant's claim was ordered disallowed in its entirety by Judge Karen Overstreet more than a year ago, on November 18, 2009.

Now, through an adversary proceeding, the Debtors are requesting the Court avoid Defendant's lien pursuant to 11 U.S.C. § 506(d) and/ or 11 U.S.C. § 1322(b)(2) because the Defendant does not hold an allowed secured claim, as determined by Judge Karen Overstreet through entry of an order disallowing the Defendant's proof of claim in its entirety.

"[T]he great majority of post-Dewsnup decisions on the issue of lien stripping have … allowed the practice in cases under chapter 11, 12, and 13." COLLIER'S ON BANKRUPTCY P 506.06[1][c], at p. 506-133 (16 ed. 2010). See, e.g., In re Dever, 164 B.R. 132, 141 (Bankr. C.D. Cal. 1994).

Summary judgment is appropriate in this matter as there are no genuine issues of material fact as to whether the Defendant's proof of claim is disallowed in its entirety, permitting an avoidance of the Defendant's lien under 11 U.S.C. § 506(d) and/or 11 U.S.C. § 1322(b)(2) upon completion of the Debtors Chapter 13 Plan. Defendant's only

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR
SUMMARY JUDGMENT FOR LIEN AVOIDANCE PURSUANT TO 11
U.S.C. § 506(d) - 3

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY
720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Case 10-01203-MLB    Doc 21    Filed 03/21/11    Entered 03/21/11 18:57:12    Page 3 of 6

applicable argument sets forth the claim that procedurally such avoidance must take place by way of adversary – and that is exactly what the Debtor's motion for summary judgment in this adversary proceeding seeks to do.

Because Defendant has failed to raise an issue of material fact, Debtors request that their motion be granted in its entirety.

### B. MOTION TO STRIKE

Defendant has failed to produce the information it now seeks to base its response to the motion for summary judgment on because it has failed to comply with its obligation to submit Initial Disclosures, which were due by agreement on Friday, February 18, 2011. Further, Defendant failed to produce the relevant signature authorization form more than a year and a half ago when in August of 2009, Defendant responded to the Blendheims' qualified written request seeking such information.

The information Defendant seeks to rely upon is unreliable as it has not been produced when requested, nor when required through Initial Disclosures.

Moreover, the information provided is irrelevant to the pending motion for summary judgment. It is not responsive, nor is it within the scope of the pending motion. Because it fails to raise any issues of material fact responsive to the subject motion for summary judgment based upon its claim being disallowed in its entirety, and for the

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR
SUMMARY JUDGMENT FOR LIEN AVOIDANCE PURSUANT TO 11
U.S.C. § 506(d) - 4

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY
720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Case 10-01203-MLB    Doc 21    Filed 03/21/11    Entered 03/21/11 18:57:12    Page 4 of 6

reasons set forth above, Debtors move to strike the information from the record.

DATED this 21st day of March 2011.

RESOLVE LEGAL PLLC


By_____/s/ Jamie McFarlane_____
    Taryn M. Darling Hill, WSBA #38276
    Jamie J. McFarlane, WSBA #41320
Attorneys for Debtors/Plaintiffs

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR
SUMMARY JUDGMENT FOR LIEN AVOIDANCE PURSUANT TO 11
U.S.C. § 506(d) - 5

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Case 10-01203-MLB    Doc 21    Filed 03/21/11    Entered 03/21/11 18:57:12    Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011, I caused a copy of the foregoing to be served via CM/ECF on the following parties:

Mark B Moburg on behalf of Defendant Litton Loan Servicing LP  ECF@rcolegal.com

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 21st day of March 2011, at Seattle, Washington.


                                            */s/ Nancy Hunter*
                                            Nancy Hunter, CBA

PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR
SUMMARY JUDGMENT FOR LIEN AVOIDANCE PURSUANT TO 11
U.S.C. § 506(d) - 6

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

Case 10-01203-MLB    Doc 21    Filed 03/21/11    Entered 03/21/11 18:57:12    Page 6 of 6